## C. S. MAGOUN *v.* WM. B. DAVIS—OAKEY & HAWKINS Intervenors and Third Opponents.

An attachment will defeat a claim for advances, when the attachment has been served before the receipt of any bill of lading or letter of advice.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Van Dalson*, for opponents and appellants. *Matthewson*, for plaintiff.

SLIDELL, J., (EUSTIS, C. J., absent.) For the reasons assigned by the District Judge, it is ordered, adjudged and decreed that the judgment of the Court below be affirmed, with costs.

The following are the reasons of the District Judge :

1. I am of opinion that the advances and supplies made by a resident of Louisiana for a plantation in Mississippi are not *privileged* thereon by the law of the former State, and as *no privilege* appears to be given in such cases by the laws of Mississippi, I am against the claim of the intervenors.

2. It has long been the settled jurisprudence of this State that an attaching creditor is to be paid by preference out of the funds attached, and this rule often bringing the attaching creditor into conflict with the creditors *claiming privilege*, has been always settled in cases like the present by the rules established in Art. 3214 C. C. and its amendments. See 1 L. R. 359, 3d Id. 301, &c., &c.

3. The proof showing the plaintiff's attachment to have been served *before the receipt of any bill of lading or letter of advice*, I affirm the former judgment, and order the proceeds of the cotton to be paid to the plaintiff, with interests and costs.

*Van Dalson*, for a re-hearing. The judgment of the District Court is affirmed, *"for the reasons assigned by the District Judge."* Trusting that the facts and the law connected with and bearing on this case are yet fresh in the mind of the Court, it is unnecessary, in this application for a re-hearing, to examine anything but the *reasons* of the District Judge, which have been adopted by this Hon. Court, and whereby the opponent's claim for a privilege on the cotton attached was defeated.

First reason assigned for judgment:

" I am of opinion that the advances and supplies made by a resident of Louisiana for a planter in Mississippi, are not privileged thereon by the laws of the former State ; and as no privilege appears to be given by the laws of Mississippi, in such cases, I am against the intervenors' claim."

MAGOUN
*v.*
DAVIS ET AL.

On the trial of this cause in this Hon. Court, we contended that, under the laws cited, merchandize and produce of every description are clearly bound, the moment they arrive in this State, for the purposes of commerce, no matter where, the shipment may have been made, nor in what State the staple may have been raised. There can be no doubt of the correctness of this position, for the law says, the merchant or factor shall even enjoy the privilege if he *can show that the goods have been despatched to* him.

In the case of *Lee* v. *his creditors*, 2d Ann. Rep., p. 599, this Hon. Court sustains the doctrine as fully as it is possible for judicial decision to establish a fact in jurisprudence.

In delivering the opinion of the Court in *Lee* v. *his creditors*, the Hon. Chief Justice said : " We think that the framers of our Code, in establishing privileges on ships and vessels, did not intend to confine the operation of their legislation to those belonging to this port, or owned in this State."

We humbly submit to the Court, whether this doctrine is changed in *any* particular, by the fact, that the object of contest in this case is *cotton*, and not a ' *ship* or *vessel?* In the very next paragraph to the above quoted, is found the following language :

" A nation (State) within whose territory *personal property* is found, has as entire jurisdiction over it, *while there*, as it has over immovable property."

It is therefore believed that the "*first* reason assigned" is *not well founded;* for, if it be, the principle so clearly defined in *Lee* v. *his creditors*, is at once overthrown, and no longer to be regarded as authority.

Second reason assigned :

" It has long been the settled jurisprudence of this State, that an attaching creditor is to be paid by preference out of the funds attached ; and this rule often bringing the attaching creditor into conflict with the creditors claiming privilege, has been always settled in cases like the present, by the rules established by art. 3214, C. C."

This reason entirely disregards the statute of 1841, which amends article 3214, C., C.—a law made expressly to better secure the merchant and factor for the advances made to farmers and others, both in the State *and out of it.*

The law of 1841, Feb. 17th, section 1st, says :

" That article 3214 be so amended, that every consignee, commission agent or factor shall have a privilege *preferred* to any attaching creditor on the goods consigned to him for any balance due to him, *whether specially advanced on said goods or not*, provided they have been received by him, or invoice or bill of lading has been received by him previous to the attachment."

Now the article amended by this law reads as follows :

" Every consignee or commission agent who has made advances on goods consigned to him, or placed in his hands to be sold for account of the consignor, has a privilege for the amount of these advances, with interest and charges on the value of the goods, if they are at his disposal in his stores, or in a public warehouse, or if before their arrival he can show a bill of lading or letter of advice, *that they have been despatched to him.*"

Now, both the article and the amendment are clear on *one point at least*, which is, that the privilege is conferred on any one who has the goods at his disposal—in his stores—or in a public warehouse, or, *if before the arrival* of the goods, he can show a bill of lading or letter of advice that have been despatched to him, " *or invoice on bill of lading has been received by him previous to the attachment.*"

At pp. 26 and 27 of the Record, are to be found not only the bill of lading received by *Oakey & Hawkins*, but *a letter of advice, of this and other shipments* from the defendant *Davis* to *Oakey & Hawkins—the very case provided for by article* 3214, *and the law of* 1841. And yet, the "*reason assigned*" permits these facts to slumber in the Record, while a foreign attaching creditor— who *dared not* attempt to execute the judgment obtained against *Davis* at the *very domicil* of both plaintiff and defendant—carries off, triumphantly, *the very thing* which the *law* has declared to be a security to the commission agent or factor for the restitution of his advances to the shipper.

It were idle to enter into an elaborate argument to show that the goods shipped were " *at the disposal* " of the consignee and factor the moment the carrier had delivered the bills of lading for them ; for if *Magoun*, the ordinary judgment creditor of *Davis*, could not, by virtue of the laws of Mississippi, exe-

<div style="text-align: right"></div>

cute his judgment on this cotton *at the very point of shipment*, upon what hypothesis is he accorded that privilege, at the very domicil of the *factor*, and at the very period of time when the transit of the goods shipped is perfectly completed? Can it be pretended that the plaintiff had no opportunity of executing his judgment at defendant's domicil and at the point of shipment, if by the laws of Mississippi he had a *right* to do so? The answer is *no*, for two reasons:

*First.* Because the plaintiff's counselor at law acted as his attorney in fact in the attachment, and could not possibly have had an officer on the levee in this city waiting *for that particular boat with that particular cotton*, without the most explicit information from the plaintiff himself.

And, secondly, because the record shows that *Davis* shipped his cotton in the usual manner—concealing nothing, nor adopting any measures to divest himself of his property except in the form of ordinary commercial transactions, to wit: by regular consignment to his factor. It is, therefore, believed that the second "reason assigned" is also unfounded in law and equity.

Third reason assigned:

"The proof, showing plaintiff's attachment to have been *served before the receipt of any bill of lading or letter of advice*, I give the proceeds to plaintiff."

We respectfully inquire how this reason can possibly be reconciled with the fact, that the record shows both bill of lading *and* letter of advice, etc. The District Judge in his "reasons assigned," *never mentions the bill or letter found in the record*, when a moment's reflection shows to any legal mind that these two circumstances or facts, constitute the very essence of the consignee's right and privilege on the goods shipped to him.

By every principle of commercial law, the destination of the cotton was fixed by the shipment thereof and the delivery of the bills of lading; and from that moment the shipper himself could not divert the shipment from the factor. It is only in cases of bankruptcy of the consignee that even the shipper can stop the goods *while the transit is yet incomplete;* but all the authorities declare that if the transit be completed by the arrival of the ship at the port of destination, the property is at once vested in the consignee. This case is the same, as far as the vesting of the property goes; and we cannot conceive how a *creditor of Magoun* can exercise a right over his property, when *Magoun himself* has no such right under the law.

These remarks being well considered, it is believed your honorable Court will grant a re-hearing in the premises.

All of which is respectfully submitted.

The re-hearing having been granted, the judgment of the Court was pronounced by

BUCHANAN, J. In this case our predecessors affirmed the judgment of the District Court for the reasons given by the Judge of that Court.

A re-hearing having been granted, the case has come before us for consideration, upon additional argument of counsel.

The contest is between an attaching creditor, and an intervenor claiming a privilege for advances, acceptances, supplies to a plantation, &c., and for a balance of account due by the defendant, a planter, to the intervenor, a commission merchant.

The District Judge was of opinion, that it was proved the attachment was served before the receipt of any bill of lading, or letter of advice by intervenor.

The evidence upon this point is not altogether clear; but it may be assumed that the intervenor has entirely failed to show that he had received a bill of lading, or letter of advice, before the service of the attachment, and the seizure and detention of the cotton by the Sheriff.

The intervenor claims a privilege, under the Article 3214 of the Civil Code, and the Act of 1841, amending that Article.

We are of opinion that the burden of proof was incumbent upon the intervenor, to make out such a state of facts as would give him a privilege under the

law; and as he has failed to do so, that the plaintiff must be maintained in the right acquired by his attachment.

It is, therefore, decreed that the judgment heretofore rendered in this cause by the former Supreme Court, be maintained.